Citation Nr: 1513876 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-13 001 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an increased rating for residuals of a left eye injury with history of orbital floor fracture with entrapment and diplopia, currently rated as 20 percent disabling.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

M. Prem, Counsel


INTRODUCTION

The Veteran served on active duty from June 1985 to March 1988. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a May 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The mater was remanded in February 2014 for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board remanded the claim in February 2014 so that the Veteran could undergo a VA examination that included muscle function testing using a Goldmann Perimeter Chart. An examination was scheduled for March 2014, and the Veteran failed to report for the examination. In May 2014, the Veteran contacted the RO to reschedule the examination. He stated that he failed to report for the scheduled examination due to date conflicts. 

The Board finds that the Veteran has shown good cause for his failure to report for the VA examination. Moreover, as noted in the February 2014 Remand, the Veteran has reported for VA examinations in February 2010 and July 2011. Consequently, he has shown his willingness to undergo VA examinations. The Board finds that the Veteran should be given another opportunity to report for the necessary VA examination. 

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should schedule the Veteran for an eye examination with a licensed optometrist or ophthalmologist to determine the current severity of his service-connected eye disability. The claims file must be provided to the examiner prior to the examination. All indicated tests should be accomplished, and all clinical findings reported in detail. 

Specifically, the VA examiner's opinion should address the following:

 a) When examining visual acuity, the examiner should identify and discuss the disease, injury, or other pathologic process responsible for any visual impairment found. Examination of visual acuity must include the central uncorrected and corrected visual acuity for distance and near vision using Snellen's test type or its equivalent.

 b) When examining visual fields, the examiner must use either Goldmann kinetic perimeter or automated perimetry using Humphrey Model 750, Octopus Model 101, or later versions of these perimetric devices with simulated kinetic Goldman testing capability. The results must be recorded on a standard Goldman chart which must be included with the examination report. The examiner must chart at least 16 meridians 22 1/2 degrees apart for each eye and indicate the Goldmann equivalent used. If additional testing is necessary to evaluate visual fields, the additional testing must be conducted using either a tangent screen or a 30-degree threshold visual field with the Goldmann III stimulus size and the examination report must then include tracing of either the tangent screen or of the 30-degree threshold visual field with the Goldmann III stimulus size.

 c) When examining muscle function, the examiner must use a Goldmann perimeter chart that identifies the four major quadrants (upward, downward, left and right lateral) and the central field (20 degrees or less). The examiner must chart the areas of diplopia and include the plotted chart with the examination report. The examiner should indicate whether the Veteran's diplopia is occasional, or correctable with spectacles.

d) Discuss whether there is any evidence of rest requirements or incapacitating episodes severe enough to require prescribed bed rest and treatment by a physician or other health care provider, or pain.
 
2. After undertaking any additional development deemed appropriate, and giving the Veteran full opportunity to supplement the record, adjudicate the Veteran's pending claim in light of any additional evidence added to the record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case and be afforded the applicable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


 (CONTINUED ON NEXT PAGE)






This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).